UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE HETZER, JR.,

      Petitioner,

                                CASE NO. 04-CV-74971-DT
v.                               JUDGE ARTHUR J. TARNOW
                                MAGISTRATE JUDGE PAUL J. KOMIVES

JAN TROMBLEY,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.     *Procedural History*

      1.      Petitioner James Lee Hetzer, Jr., is a state prisoner, currently confined at the Pine River Correctional Facility in St. Louis, Michigan.

      2.      On October 15, 2001, petitioner was convicted of one count of operating a motor vehicle under the influence of liquor, second offense (OUIL), MICH. COMP. LAWS § 750.625(1)(a), (6)(b); one count of carrying a concealed weapon, MICH. COMP. LAWS § 750.227; one count of possession with intent to deliver marijuana, MICH. COMP. LAWS § 333.7401(2)(d)(iii); operating a motor vehicle with a suspended license, second offense, MICH. COMP. LAWS § 257.904(3)(a); one count of possession of a firearm by a convicted felon, MICH. COMP. LAWS § 750.224f; and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Eaton County Circuit Court. On November 15, 2001, he was

sentenced to a term of 2-10 years' imprisonment on the concealed weapons conviction; a term of 2-8 years' imprisonment on the drug conviction; a term of 2-10 years' imprisonment on the felon-in-possession conviction; one year terms of imprisonment for each of the motor vehicle convictions; and two mandatory consecutive terms of two years' imprisonment on the felony-firearm convictions.

      3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I. DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO OFFER TO STIPULATE THAT APPELLANT HAD AN UNSPECIFIED PRIOR FELONY CONVICTION AS AN ELEMENT OF THE FELON IN POSSESSION OF A FIREARM CHARGE, RATHER THAN DISCLOSE TO THE JURY THAT APPELLANT HAD A PRIOR CONVICTION FOR POSSESSION WITH INTENT TO DELIVER MARIJUANA, WHERE APPELLANT WAS ON TRIAL FOR THE VERY SAME CHARGE.
>
> II. MR. HETZER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FEDERAL AND STATE CONSTITUTIONS WAS DENIED WHERE TRIAL COUNSEL DID NOT OBJECT TO THE ADMISSION OF NUMEROUS UNCHARGED BAD ACTS AND OTHER EVIDENCE AND INFORMATION WHERE THE PROBATIVE VALUE WAS FAR OUTWEIGHED BY ITS PREJUDICIAL EFFECT.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Hetzer*, No. 238362, 2003 WL 1880652 (Mich. Ct. App. Apr. 15, 2003) (per curiam).

      4.      Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Hetzer*, 469 Mich. 945, 670 N.W.2d 671 (2003). With respect to petitioner's claim based on counsel's failure to stipulate to a previous unspecified felony, the Court stated: "Even assuming that counsel erred in stipulation [sic] to the admission of defendant's specific prior felony, such error was harmless in the circumstances of this case." *Id*. (citation omitted).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on December 22, 2004.  As grounds for the writ of habeas corpus, he raises the same ineffective assistance of counsel claims that he raised in the state courts.

6.      Respondent filed his answer on July 6, 2005.  He contends that petitioner's claims are without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

The factual background supporting petitioner's convictions was briefly summarized by the Michigan Court of Appeals:

> This case arises from a traffic stop in which defendant was pulled over while driving his mother's vehicle.  Defendant admitted to driving without a license; while waiting for verification of defendant's identity, police officers found over a pound and a half of marijuana, along with a handgun, inside the vehicle's center console. At trial, the only disputed issues were whether defendant had possession of the handgun and whether he possessed the marijuana with intent to deliver.

*Hetzer*, 2003 WL 1880652, at *1, slip op. at 1.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>     (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

4

decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.     *Analysis*

    1.     *Clearly Established Law*

Petitioner's claims all challenge the adequacy of trial counsel's performance. The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components

are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

    2.    *Analysis*

### *a. Failure to Stipulate to Unspecified Felony*

Petitioner first contends that counsel was ineffective for failing to offer to stipulate, for purposes of the felon-in-possession charge, that he had a prior felony conviction. Instead, counsel stipulated to admission of the court documents demonstrating a prior conviction for possession with intent to deliver marijuana, a crime with which petitioner was charged and of which he was convicted. Petitioner contends that the prosecutor and trial court would have been required to accept

such a stipulation pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997) and *People v. Swint*, 225 Mich. App. 353, 572 N.W.2d 666 (1997). The Michigan Court of Appeals determined that petitioner had failed to show that this decision was not the result of sound trial strategy, and therefore denied petitioner's claim on the first prong of the *Strickland* inquiry. *See Hetzer*, 2003 WL 1880652, at *2, slip op. at 2. The Michigan Supreme Court, denying petitioner's application for leave to appeal, took a different approach and relied on the second prong of the *Strickland* inquiry, reasoning that even if counsel's decision was error, the error was harmless. *See Hetzer*. 469 Mich. at 945, 670 N.W.2d at 671.

Even assuming that the court of appeals erred in concluding that counsel's performance was not deficient under the first prong of the *Strickland* test, the Court should nevertheless deny petitioner relief on this claim because the Michigan Supreme Court's determination that petitioner was not prejudiced by counsel's performance was a reasonable application of *Strickland*. Here, petitioner cannot show a reasonable probability that counsel's failure to stipulate affected the jury's verdict on the possession with intent to deliver marijuana charge.[1] The prosecutor did not once argue that the stipulated conviction was proof of petitioner's intent to deliver the marijuana. Thus, the jury was never asked to draw the inference from the prior conviction that petitioner suggests it in fact made. The prosecution's entire case on the intent element was the expert testimony of Michigan State Police Trooper Brian Fox. Trooper Fox testified that possession of one and one-half pounds of marijuana was inconsistent with personal use, but was consistent with low to mid-level drug dealers. *See* Trial Tr., 167-73. Trooper Fox also testified that, as was true in petitioner's case,

---

[1]Petitioner challenges, as he did in the state courts, counsel's conduct only as it relates to the marijuana charge. He does not contend that the counsel's stipulation to the specific offense of conviction prejudiced him with respect to any of the other charges in the case.

7

drug dealers typically carry loaded weapons in close proximity to their drugs. *See id*. at 173-74. This testimony alone was sufficient to establish petitioner's intent to distribute beyond a reasonable doubt. *See United States v. Armstrong*, 253 F.3d 335, 335 (8th Cir. 2001); *United States v. Tavakkoly*, 238 F.3d 1062, 1067 (9th Cir. 2001); *People v. Elder*, No. 248287, 2005 WL 562638, at *3 (Mich. Ct. App. Mar. 10, 2005) (per curiam). Essentially, the intent issue came down to a credibility contest between Trooper Fox and petitioner, and the prior conviction played absolutely no role in the parties' arguments on this issue. In these circumstances, there is not a reasonable probability that the result of the proceeding would have been different if counsel had stipulated only to the fact of an unspecified prior felony. *See Carter v. United States*, 133 Fed. Appx. 321, 325 (7th Cir. 2005). [2] And it certainly cannot be said that the Michigan Supreme Court's conclusion was unreasonable. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. Failure to Object to Prosecutor Shifting Burden of Proof

Petitioner next contends that counsel was ineffective for failing to object when the prosecutor shifted the burden of proof. During cross-examination of petitioner, the following exchange

---

[2]Additionally, the evidence of petitioner's prior conviction was likely admissible under Rule 404(b). Under that rule, evidence of a prior bad act is admissible to show, *inter alia*, intent. Because petitioner denied that he intended to distribute the marijuana, his prior conviction for a distribution offense was relevant under Rule 404(b) to show his intent, notwithstanding that the evidence would have been inadmissible solely to show his status as a felon for purposes of the firearm charge had counsel stipulated. *See United States v. Harris*, 293 F.3d 970, 976 (6th Cir. 2002); *United States v. Bilderbeck*, 163 F.3d 971, 977-78 (6th Cir.1999); *People v. Izarraras-Placante*, 246 Mich. App. 490, 493-95, 633 N.W.2d 18, 21-22 (2001); *cf. Old Chief*, 519 U.S. at 190 ("[I]f, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.*, to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident), Rule 404(b) guarantees the opportunity to seek its admission.").

occurred:

> Q: That gun wasn't your mom's, was it?
> A: I don't belief so. I have never seen her with any kind of weapons in her life.
> Q: Would she say the same if she took the stand against you?
> A: I can positively guarantee it because I don't play with weapons.
> Q: She's not on your list to testify though today, is she?
> A: Probably not. But she was told – I was told to bring her and my father in.
> Q: That's not the question I asked.
> A: Oh, no.
> Q: Is she on your list?
> A: No. I'm sorry. I'm sorry. No.

Trial Tr., at 199-200. The Michigan Court of Appeals rejected this claim, in part because the prosecutor's questions were not improper. *See Hetzer*, 2003 WL 1880652, at *3, slip op. at 3 ("The prosecutor is allowed to question the defendant's credibility when defendant's testimony suggests that an absent 'witness' would exculpate him."). The Court should conclude that this determination was reasonable.

A prosecutor may comment on a defendant's failure to call witnesses of offer other evidence to support his factual theories so long as the prosecutor's comment does not implicate a defendant's right not to testify. *See United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994); *United States v. Williams*, 990 F.2d 507, 510 (9th Cir. 1993); *United States v. Sensi*, 879 F.2d 888, 900 (D.C. Cir. 1989); *United States v. Dahdah*, 864 F.2d 55, 59 (7th Cir. 1988). Further, while it is true that a criminal defendant has no duty to testify or come forward with any evidence, once he does so a prosecutor is permitted to comment on that evidence. Here, the prosecutor's questions were merely "a proper way of arguing that the [petitioner's] argument was mere speculation unsupported by the evidence." *United States v. MMR Corp.*, 907 F.2d 489, 502 (5th Cir. 1990). "The state prosecutor was not suggesting to the jury that the petitioner was obligated to prove his innocence. Rather, he was arguing that the petitioner's . . . testimony was unsupported and not

worthy of belief. Thus, the prosecutor's comments did not shift the burden of proof to the defense and did not violate the petitioner's constitutional rights." *March v. Bock*, No. 00-CV-10495, 2003 WL 21488691, at *8 (E.D. Mich. June 12, 2003) (Lawson, J.). In short, the Michigan Court of Appeals correctly held that the prosecutor's questions were not improper. This being the case, counsel was not ineffective for failing to object to the questions. *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (counsel not ineffective for failing to raise meritless objection); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993) (same). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c. Failure to Object to Other Questions

Finally, petitioner contends that counsel was ineffective for failing to object to various other lines of questioning pursued by the prosecutor. Specifically, he contends that counsel should have objected to: (1) the arresting police officer's testimony concerning petitioner's use of a paper license as evidence of his driving on a suspended license; (2) the prosecutor's question to petitioner regarding whether he was a member of the "Vice Lords" gang; (3) the prosecutor's questions to petitioner regarding the source of his marijuana; and (4) the statement in the presentence report relating to petitioner's alleged gang membership. With respect to each of these claims, however, the Michigan Court of Appeals concluded that the questions posed or evidence elicited were proper and admissible under state law. *See Hetzer*, 2003 WL 1880652, at *2, slip op. at 3 (paper license testimony admissible to show petitioner's frequent use of the car); *id*. at *3, slip op. at 3 (gang question relevant because possible connection to a gang is a reasonable prosecution theory supporting intent to distribute); *id*. (cross-examination on source of marijuana was admissible because petitioner had opened the door on direct examination); *id*. at *3, slip op. at 4 (gang

membership was properly included in presentence report).

In analyzing petitioner's ineffective assistance of counsel claims, these expressions of state law are binding on this Court. *See Basile v. Bowersox*, 125 F. Supp. 2d 930, 960 (E.D. Mo. 1999). *See generally*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the questions and evidence of which petitioner complains were properly admitted as a matter of state law, petitioner cannot show that counsel was ineffective for failing to raise meritless objections. *See Anderson*, 44 F.3d at 680; *Burnett*, 982 F.2d at 929. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on these claims.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit*

*Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

Dated: 12/20/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 20, 2005.
>
>                                  s/Eddrey Butts
>                                    Case Manager